UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In Re:

    Ryan M. Bowser,

          Case No. 10-31871
          Chapter 7 – Reopened Case

          Debtor.

**DECLARATION IN SUPPORT OF MOTION**

Stewart Weisman, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury:

1. I am the attorney for the debtor, Ryan M. Bowser (sometimes referred to as the "Debtor" or "Mr. Bowser").

2. This Declaration is submitted in support of the Debtor's motion for an Order, pursuant to 11 U.S.C. §524(a)(2), (1) finding Trinity Financial Services, LLC (referred to as "Trinity") in contempt for a violation of the permanent injunction and the order of discharge, and (2) imposing sanctions and monetary damages and attorney's fees.

3. The violation of the permanent injunction and the order of discharge occurred as a result of the commencement and continuation of a state court action by Trinity against the Debtor for monetary damages under the guise of a foreclosure action.

4. This is a contested matter and has been commenced to (1) vindicate the Debtor's right to be free from Trinity's harassment and coercive tactics, (2) preserve the integrity of the Debtor's discharge, and (3) recover actual damages, punitive damages, reasonable attorney's fees, costs, disbursements, and interest.

Relevant Facts.

5. Trinity commenced an action against Mr. Bowser in the New York Supreme Court for the County of Onondaga on or about August 8, 2017, bearing index no. 2017-792. Copies of the summons and complaint, including relevant exhibits, are attached as Exhibit 1.

6. After Mr. Bowser received a copy of the summons and complaint, he forwarded them to me for review.[1] After the review, I contacted Trinity's counsel by email on August 24, 2017 to discuss the case prior to interposing an answer to the complaint.

7. In the email, I advised Trinity's counsel that Mr. Bowser received a discharge in bankruptcy and that the predecessor mortgagee, GMAC Mortgage, LLC (referred to as "GMAC") was included in the filings and received the discharge order. I also attached a copy of the discharge order.

8. Importantly, I advised that although the second mortgage remained on the property as a junior lien, the underlying debt was discharged since no reaffirmation agreement was filed. I also advised that in commencing the action, Trinity violated the permanent injunction under 11 USC § 524 because they sued Mr. Bowser personally, among other things, for monetary damages, attorney's fee, and costs. Accordingly, I requested that the action be discontinued and in consideration, Mr. Bowser would not seek damages.

9. On August 29, 2017, Trinity's counsel advised that since Mr. Bowser was discharged from bankruptcy, Trinity was permitted to proceed with foreclosure, and that the action was not seeking any deficiency.

---

[1] The date and manner of service of process are in question.

10. Later that day, I advised that indeed the complaint was seeking monetary damages. Trinity's counsel responded that the complaint was reviewed and that they were satisfied with it. Copies of the email messages and the discharge order are attached as Exhibit 2.

11. Accordingly, on September 14, 2017, I served a copy of Mr. Bowser's Answer upon Trinity's counsel and filed the original with the clerk's office. Copies of the Answer, Affirmation of Service, and cover letters are attached as Exhibit 3.

12. On or about September 24, 2017, as part of the litigation process, I served a Notice to Admit Truth of Matters of Fact upon Trinity's counsel. A copy of the Notice to Admit is attached as Exhibit 4.

13. On or about September 29, 2017, I received a letter response from Trinity's counsel suggesting that my Notice to Admit was improper because, among other things, although the underlying debt was discharged the lien remained and Trinity had a right to foreclose on the second mortgage. A copy of the letter is attached as Exhibit 5.

14. Later that day I responded and stated, in relevant part:

> [t]he gist of what you are saying is that your client is only pursuing its in rem rights against the property because the lien has survived the discharge. I agree that a mortgagee has such rights. Here however, the complaint specifically asks for monetary damages, attorney's fees, etc., against the defendant, and does not make an election under the applicable real property statute as mentioned in the complaint. . . . In other words, the wording of the complaint clearly indicates that your client has elected to proceed against the promissory note debt (which was extinguished in the chapter 7). If you present me with case law that supports your position under New York law, then I will be happy to modify my position. In the meantime, please submit your responses within the applicable time period. Thank you.

A copy of my email message is attached as Exhibit 6.

15. In lieu of providing any authority for its position, Trinity served its response to the Notice to Admit which shed no new light in the state litigation. A copy of the response is attached, without exhibits, as Exhibit 7.

16. Despite the filing and service of Mr. Bowser's Answer, the service of a Notice to Admit, Mr. Thaler's letter of September 29, 2017, Trinity's response to the Notice to Admit, and the numerous email messages and correspondence between counsel, Trinity filed a motion for default judgment in March 2018.

17. Upon learning of the default motion, I contacted the attorney who filed it, demanding immediate discontinuance.

18. Instead of complying with this most basic and reasonable demand, Trinity's counsel stated that "[w]e did not receive an answer. We only received a Notice to Admit. Please provide a copy of the answer with proof of timely service."

19. Immediately, I sent the requested documents with a demand to remove the motion coupled with a demand to pay attorney's fees for filing a patently frivolous motion. Although the motion was withdrawn, the demand for reparations was ignored. Copies of the email messages are attached as Exhibit 8.

20. On or about April 30, 2018, Trinity filed a motion for summary judgment in the state court action. Copies of the Attorney's Affirmation in support of the motion, and Affidavit of Don Madden, President of Trinity are attached with relevant exhibits as Exhibit 9.

21. In response, Mr. Bowser filed an Affidavit which is incorporated herein by reference, and I filed an Attorney's Affirmation and exhibits. Copies of the Affirmation, the Affidavit, and exhibits are attached as Exhibit 10.

22. In the opposition papers, I pointed out, among other things, that Trinity had failed to explain let alone discuss that GMAC was the holder of the Note and Mortgage in question and that GMAC's place in the chain of title of the subject property was conspicuously absent and cast doubt on Mr. Madden's recitation of the facts used to

support his motion and cast doubt as to whether Trinity was a bona fide holder of the Note and the owner of the Mortgage as it alleged.

23. Another insurmountable problem for Trinity was its inability to explain the alleged multiple assignments of the subject Note and Mortgage as follows:

    a. The first assignment of the Note and Mortgage from Capital One Home Loans, LLC, the original mortgagee, to Bank of New York Mellon Trust Company occurred on August 9, 2010.

    b. The alleged second assignment of the same Note and Mortgage also purported to be from Capital One Home Loans, LLC to Trinity on August 21, 2016.

24. Trinity failed to account for the first assignment in 2010 which divested the original mortgagee of any right to assign the Note and Mortgage to Trinity six years later in 2016. Again, there was insufficient evidence to establish that Trinity was a bona fide holder of the Note and Mortgage since it was previously assigned to Bank of New York Mellon Trust Company.

25. As Mr. Bowser's debt to Trinity, or to any holder of the Note, was discharged in bankruptcy, Trinity's only remedy, assuming it was the genuine holder of the subject Note and Mortgage, was to foreclose on its lien, not to seek any form of monetary damages.

26. Despite this, a review of the complaint shows that Trinity was seeking monetary damages against Mr. Bowser. To that end, Trinity stated in its complaint, that "Trinity elected to declare the unpaid sum of the Note and Mortgage in the amount of $41,303.21, with accrued interest at 12.20% per annum . . . . to be immediately due and payable." Complaint ¶ 8.

27. Trinity then stated that "there is due and owing to Trinity the sum of $41,303.21 with interest thereon . . . ." Complaint ¶ 9.

28. Trinity stated that "[p]laintiff shall not be deemed to have waived, altered, released or changed its election hereinbefore made by reason of receipt of any payments, after the date of the commencement of this action or of any or all of the defaults mentioned herein, and such election shall continue and remain effective **until the principal sum secured, the costs and disbursements of this action,** . . . are **fully paid.** Complaint ¶ 13.

29. Trinity also stated in an independent second cause of action that "[b]y reason of the aforesaid provisions set forth in the Note and Mortgage, there is due and owing to Trinity from RYAN BOWSER AKA RYAN M. BOWSER, reasonable attorneys' fees, plus costs and disbursements, for which demand is hereby made." Complaint ¶ 16.

30. A reading of these paragraphs shows that Trinity was seeking monetary damages against Mr. Bowser personally, not merely establishing a basis for in rem foreclosure.

31. In light of these serious deficiencies, Supreme Court Justice Karalunas denied the "so-called" foreclosure summary judgment motion which is not a common occurrence. A copy of the order denying the motion is attached as Exhibit 11.[2]

Violation and Relief.

32. Despite being placed on notice repeatedly of Mr. Bowser's discharge, Trinity ignored the notices and proceeded with the misguided state court proceeding in clear violation of the permanent injunction and order of discharge.

---

[2] Trinity never replied to Mr. Bowser's papers in opposition nor did it appear at the motion. Justice Karalunas however, had already modified Trinity's proposed order which she signed and tendered to me from the bench to file and to serve upon opposing counsel.

33. As a result of Trinity's actions, the Debtor (i) has suffered actual damages in the form of pecuniary losses, and mental and emotional distress, (ii) has been denied the right to be free of creditor collection pressure guaranteed by the Bankruptcy Code, and (iii) has been denied the right to a fresh start, provided by the Bankruptcy Code.

WHEREFORE, by reason of the foregoing, it is requested that the Court grant the Debtor's motion and issue an order finding Trinity Financial Services, LLC in contempt for violating the permanent injunction and order of discharge, and award the following additional relief:

1. actual damages in the amount of $50,000.00;

2. punitive damages in the amount of $100,000.00;

3. reasonable attorney's fees in an amount to be determined;

4. interest from August 8, 2017, costs and disbursements of this action; and

5. such other and further relief as the Court deems just and proper.

July 5, 2018

/s/ Stewart Weisman

By: Stewart Weisman, Esq.
Debtor's Attorney
8060 Shadowrock Road
Manlius, NY 13104
315.682.0652
Bar Roll No. 102806