**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

IN RE:                                                CASE NO: 10-31871

    Ryan M. Bowser                                CHAPTER: 7

    Debtor(s)

---

### SECURED CREDITOR, TRINITY FINANCIAL SERVICES, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS RESPONSE TO DEBTOR'S MOTION FOR CONTEMPT [DOC. 50]

**SECURED CREDITOR, TRINITY FINANCIAL SERVICES, LLC** (hereinafter referred to as "SECURED CREDITOR"), by and through its undersigned attorney, hereby respectfully submits its Memorandum of Law in Support of its Response to Debtor's Motion for Contempt [Doc. 50], as follows:

### STATEMENT OF FACTS

This case arises out of a Note and Mortgage executed by the Debtor, Ryan M. Bowser ("Debtor") on or about February 22, 2006 in favor of Capital One Home Loans, LLC, in the original principal amount of $50,000.  The Mortgage secured repayment of the note with the property commonly known as 1102 Cornflower Way N, East Syracuse, NY 13057.  The Mortgage was recorded with the Onondaga County Clerk of Courts' Office on March 15, 2006 in Book 14735 at Page 232.  Secured Creditor is the current owner and holder of the Note and Mortgage pursuant to Allonges to the Note and Assignments of Mortgage.  Debtor defaulted on the Note and Mortgage by failing to make the installment payment due for February 27, 2010 and all payments thereafter.

On or about July 11, 2010, Debtor filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code.  On or about October 26, 2011, Debtor voluntarily converted his case to a

Chapter 7. The Debtor was discharged under Chapter 7 of the Bankruptcy Code on or about February 8, 2012.

Thereafter, pursuant to the Discharge Order, which allowed an in rem proceeding if the lien had not been avoided, on or about August 8, 2017, Secured Creditor filed an *in rem* foreclosure action to enforce it's lien on Debtor's property located at 1102 Cornflower Way North, East Syracuse, NY 13057 (the "Property") alleging that the debtor had defaulted on the terms of the mortgage by failing to make payments on the mortgage from the payment due on February 27, 2010 and all payments thereafter. There was no count for personal liability on the part of the debtor. Upon information and belief, Debtor remains in possession of the Property. The lien was not eliminated or avoided in the Bankruptcy proceeding.

On or about July 6, 2018, Debtor filed his Motion for Contempt of the Permanent Injunction and Order of Discharge. Secured Creditor filed its response thereto, explaining that the discharge order was not violated.

After two hearings, the Court has requested this memorandum of law regarding two specific issues: standing on the foreclosure case given an erroneous assignment of mortgage and how certain specific language in the complaint does not violate the discharge order. Secured Creditor respectfully submits the following in compliance with the Court's Order.

## **STANDARD OF REVIEW**

There is a two-part test to determine whether or not a creditor has acted in contempt of a discharge order. In re Dogar-Marinesco, No. 09-3544 (CGM), 2016 Bankr. LEXIS 4111, at *41 (Bankr. S.D.N.Y. Dec. 1, 2016). The first prong is whether the creditor knew about the discharge. Id. The second is whether the creditor's actions violate the order. Id. Courts are further empowered to decline sanctions if the alleged violation is found to be without intent, even

if a violation is found. See, Elliot v. PHH Mortg. Copr., 7:15-cv-10221 (BKS), 2017 U.S. Dist. LEXIS 131885, *9 (N.D.N.Y. March 3, 2017). Secured Creditor does not dispute that it knew of the discharge order. Therefore, only the second prong of the test remains at issue and will discussed in detail below.

## ARGUMENT

### A. SECURED CREDITOR HAS STANDING TO PURSUE THE FORECLOSURE, DESPITE THE ERRONEOUS ASSIGNMENT

The United States Supreme Court held in Johnson v. Home State Bank, 501 US 78, 84, 111 S. Ct. 2150, 115 L. Ed. 2d. 66 (1991) that, "while a bankruptcy discharge extinguishes the personal liability of a debtor, the mortgage holder still retains a " 'right to payment' in the form of its right to the proceeds from the sale of the debtor's property." All that remains for this court to determine, therefore, is whether Secured Creditor was the holder of the Note, such that its foreclosure action did not violate the Discharge Order.

It is well established that, in a foreclosure case, "a Plaintiff has standing where it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced." See, e.g., Bank of New York v Silverberg, 86 AD3d 274, 279, 926 N.Y.S.2d 532 [2d Dept 2011]; Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 108, 923 N.Y.S.2d 609 [2d Dept 2011]. It is equally well established that a transfer of the Mortgage without an assignment of the underlying Note is a nullity, while a transfer of the Note will also transfer the Mortgage securing it. See, e.g., Aurora Loan Servs., LLC at 108; U.S. Bank, N.A. v. Collymore, 2009 NY Slip Op 9019, 68 A.D.3d 752, 890 N.Y.S.2d 578 (App. Div.).

It follows, then, that if the chain of recorded assignments of mortgage has a gap or a rogue assignment, then the owner and holder of the original Note would be the correct party in

interest. Ownership of the note is shown by either indorsements on the note or allonges to the note. See UCC 1-201 (20). A plaintiff must show that is possession of the note, either by written assignment or by possession prior to commencing the foreclosure action.

Attached to the Note signed by the Debtor are several allonges, some of which are specifically indorsed as well. The Note and its attached allonges are included as Exhibit A to Secured Creditor's foreclosure complaint. The first allonge shows that Capital One Home Loans, the originator of the loan, specifically assigned the Note to Residential Funding Corporation. By indorsement on the allonge, Residential Funding Corporation specifically assigned the Note to JPMorgan Chase Bank as Indenture Trustee. A second allonge is attached, where the Bank of New York Mellon Trust Company, National Association, fka Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, N.A. as indenture trustee . . . assigned the note Residential Funding Company, LLC. That allonge was specifically indorsed to Dreambuilder Investments, LLC. A third allonge shows that Dreambuilder Investments, LLC specifically assigned the Note to Secured Creditor. Additionally, upon information and belief, Secured Creditor is in possession of the original Note signed by the Debtor, further solidifying its standing to foreclose.

By contrast, there are only two recorded assignments of mortgage: One from Mortgage Electronic Registration Systems, Inc. as nominee for Capital One Home Loans to the Bank of New York Mellon, . . . dated August 9, 2010, and one from Mortgage Electronic Registration Systems, Inc. as nominee for Capital One Home Loans to Secured Creditor dated April 26, 2016. The assignments clearly have a gap or an erroneous assignment, which foreclosure counsel for Secured Creditor attempted to rectify in the third cause of action, striking the erroneous

assignment to JPMorgan Chase Bank. The question as to whether this attempt to correct the chain of assignments is proper should be left to the Onondaga County Supreme Court.

This Court's inquiry should be solely into whether there was a prima facia showing of standing such that the Discharge Order was not violated. Although the allonges to the note are not dated, the date of the assignment of mortgage, April 21, 2016, can be used to orient the Court as to the approximate date of the transfer. The foreclosure complaint was filed over a year and half after the date on the assignment of mortgage to Secured Creditor. Secured Creditor has a prima facia showing of standing through the allonge chain. Any further inquiry as to standing should be left to the judge ruling upon the foreclosure action.

### B. THE LANGUAGE IN THE COMPLAINT DOES NOT VIOLATE THE DISCHARGE ORDER.

"It is well-established that an in rem foreclosure proceeding against mortgaged property that does not seek a judgment against a debtor personally after his or her debts have been discharged in bankruptcy does not violate the discharge injunction." In re Sharak, 571 B.R. 13, 20 [Bankr. NDNY 2017] citing, Schmelcher v. Cnty. of Oneida, No. 6:15-cv-00245 (MAD), 2016 U.S. Dist. LEXIS 7389, at *6 (N.D.N.Y. Jan 22, 2016). The Court in Sharak went on to explain that 11 U.S.C. §524(a) only prohibits an action to collect against a debtor personally for a mortgage debt. In re Sharak, at 21. Thus, upon discharge, "it is only a debtor's personal obligation to pay the debt that is effectively extinguished; the debt itself remains." Mahoney v. Wash. Mut., Inc. (In re Mahoney), 368 B.R. 579 (Bankr. W.D. Tex. 2007).

The Bankruptcy Code and courts recognize that for debts secured by a mortgage on residential real property, there are valid reasons to communicate information about the debt to the debtor that have nothing to do with attempting to collect it against the debtor personally. In re Sharak at 21. "Statements of an informational nature, even if they include a payoff amount,

are generally not actionable if they do not demand payment." Best v. Nationstar Mortg., LLC (In re Best), 540 B.R. 1, 11 (B.A.P. 1st Cir. 2015) (citing Brown v. Bank of Am. (In re Brown), 481 B.R. 351, 359 (Bankr. W.D.Pa 2012).

To determine if there is a discharge violation, the crucial issue is whether the creditor "acted in such a way to 'coerce' or 'harass' the debtor improperly." In re Pratt, 462 F.3d 14, 19 (1st Cir. 2006); In re Schlichtmann, 375 B.R. 41, 95 (Bankr. D. Mass. 2007); Lumb v. Cimenian (In re Lumb), 401 B.R. 1, 6-7 (B.A.AP. 1st Cir. 2009). An action is objectively coercive when it is '"tantamount to a threat," Jamo v. Katahdin Fed. Credit Union (In re Jamo), 283 F.3d 392, 401 (1st Cir. 2002), or "places the debtor 'between a rock and a hard place," Diamond v. Premier Capital Inc. (In re Diamond), 346 F. 3d 224, 227-28 (1st Cir. 2008).  A communication is not considered a violation of the discharge unless it overtly demands payment, has the effect of coercing payment, or lacks a valid informational purpose.  In re Sharak at 24.

The standard set forth by the courts demands a "particularly fact-intensive inquiry." In re Prisco, 2017 Bankr. LEXIS 2271 (N.D.N.Y. Aug 14, 2017, citing, Henriquez v. Green Tree Servicing, LLC (In re Henriquez), 536 B.R. 341, 345 (Bankr. N.D.Ga. 2015 (internal citations omitted). The courts look at many elements, including whether there is disclaimer language and whether there is a valid informational purpose.  In re Sharak at 24.  "While disclaimer language in a communication to a debtor who has received a discharge is always advisable, its absence does not automatically render the communication a per se violation of the discharge injunction." In re Prisco, at *10.

Here, the Court took issue with the language in two specific paragraphs of the Complaint, specifically paragraph 14 and paragraph 16, which, when taken individually, appear to threaten the borrower with personal responsibility for the debt.  There are numerous cases finding

contempt for language in collection notices that have the effect of coercing the debtor to pay personally a discharged debt. See, e.g., Elliot v. PHH Mortg Corp., 7:15-cv-10221 (BKS), 2017 U.S. Dist. LESIX 131885, *12 (N.D.N.Y. March 3, 2017); In re Gill, 529 B.R. 31, 38 (Bankr. W.D.N.Y. 2015); Lemieux v. America's Servicing Co. and Wells Fargo Home Mortg. (In re Lemieux), 520 B.R. 361, 365-67 (Bankr. C.D. Mass. 2014); Henriquez, 536 B.R> at 345-47. Many of these cases cite language similar to that which the Court took issue in Secured Creditor's Complaint.  It should be noted, however that in each of these cases, the court looked at the communication as a whole, including whether there were bankruptcy disclaimers and whether the effect of the communication was to force the debtor to pay personally rather than simply inform the debtor of the creditor's rights to pursue *in rem* remedies.

Here, looking at the Complaint as a whole, it is clear that the action is pursued in rem only.  First, on the Summons and Notice, there is no mention of a claim for deficiency.  Rather, the notice advises that failure to answer the summons will result in loss of the home.  The only reference to payment falls far short of a demand, stating "Sending a payment to your mortgage company will not stop this foreclosure action."

Second, the complaint contains three counts.  The first cause of action is clearly for foreclosure and states in relevant part "there is due and owing to the plaintiff the sum of $41,303.21."  The count goes on to quote the term of the mortgage that allows the mortgagee to accelerate the debt and commence an in rem foreclosure, and include in that amount reasonable attorneys fees, etc. (paragraph 14 of the Complaint).  These quoted terms simply set out the rights of the mortgagee, and are listed in a permissive tense: "the Lender **may require** immediate payment in full;"  "**the further rights of the Lender**, including the right to collect all costs, disbursements and attorneys fees from the borrower are set out in Paragraph 20 of the mortgage"

(emphasis added).  There is no demand for payment from the borrower either now or in the past, included in Paragraph 14 of the Complaint.  The third cause of action seeks to correct a defect in the chain of assignments of mortgage, which has been addressed above.  The second cause of action of the complaint is a demand for a judgment including the costs, disbursements and attorneys fees permitted in Paragraph 20 from the borrower.  By itself, this language would be troublesome.  However, in looking at the Complaint as a whole, given the lack of any language requesting deficiency, and the obvious emphasis on obtaining a judgment that is solely in rem for all counts, it is clear that Secured Creditor is only pursuing its in rem rights and not seeking any personal or deficiency judgment against the debtor.  Further the language has a valid informational purpose in that Secured Creditor intended to enforce its right to the costs and disbursement incurred and add it to the debt, which would be satisfied by the *in rem* foreclosure of the first cause of action.

      Courts have routinely ruled that an *in rem* foreclosure does not violate the discharge.  For example, the Court in In re Schmelcher favorably cited, among others, Reed v. S&T Bank and In re Residential Capital, LLC, No. 12-12020 (MG), 2013 Bankr. LEXIS 2040 (Bankr. S.D.N.Y. May 17, 2013) in holding that foreclosures that are in rem only do not violate the discharge order.  Neither the Schmelcher court nor the courts in Reed or Residential Capital, LLC reviewed language of individual counts, but rather focused on the foreclosure as a whole being in rem or seeking a deficiency judgment.  It should be noted that while the laws of both Pennsylvania (Reed) and California (Residential Capital) do not permit joinder of monetary damage or deficiency claims in foreclosure actions, the Schmelcher Court applied the same principal to the New York foreclosure at issue in that case.

      Given the foregoing, Secured Creditor's *in rem* foreclosure complaint does not violate the

discharge order when viewed as a whole.

### C. EVEN IF A VIOLATION IS FOUND, SANCTIONS SHOULD NOT BE AWARDED.

For the Debtor to be awarded monetary relief for contempt of the discharge injunction, he must establish by clear and convincing evidence that Secured Creditor willfully violated the discharge injunction. See Elliot, 2017 U.S. Dist. LEXIS 131885 at *9; Thompson, 2007 Bankr. LEXIS 2830, at *6. Damages cannot be awarded if the Debtor cannot show the violations, if any, were willful. See Nicholas v. Oren (In re Nicholas), 457 B.R. 202, 226 (Bankr. E.D.N.Y. 2011); In re Dabrowski, 257 B.R. 394, 404 (Bankr. S.D.N.Y 2001).

The facts in this case are similar to the facts of In re Dabrowski. In Dabrowski, the debtor had defaulted on rent payment and filed bankruptcy for a fresh start. The debtor received a discharge, after which the Landlord commenced a standard non-payment petition to recover possession of the property. The Dabrowski Court found a violation of the discharge, but also found that the Landlord had made a good faith attempt to obey the order. Id. at 416. The Court further found as facts that the Landlord's actions evidenced an effort to ascertain and comply with the applicable law and the errors were technical and unintended violations of the Debtor's rights, did not evidence malevolent intent or bad faith on the part of the Landlord, and were not malicious or egregious. Id. (internal citations omitted.)  See also, In re Bowling, 116 B.R. 659, 664 (Bankr. S.D. Ind. 1990) (action of creditor had some colorable legal support; contempt sanctions not warranted: "Sanctions for contempt are not appropriate for technical and unintended violations of a debtor's rights.").

Here, as in Dabrowski, Secured Creditor made a good faith attempt to restrict its foreclosure to in rem relief only. There are no demands for payment to stop the foreclosure, and

the two paragraphs with language that may, if viewed in a vacuum, constitute a violation of the discharge order, are errors of word choice that do not intend to violate the debtor's rights. This is especially evident when the Complaint is viewed as a whole, with no deficiency or other *in personam* relief requested.

## CONCLUSION

As set forth above, Secured Creditor has not violated the Discharge Order as it's Complaint requested only in rem relief, despite some individual counts that reflect poor word choice on the part of the foreclosure counsel. Further, even if the Court does find a violation, the violation is technical, and no damages or sanctions should be awarded.

Respectfully submitted,

/s/ Kelly Kalahar
Kelly Kalahar, Esq.
Waldman, Kalahar & Associates, PLLC
P.O. Box 5162
Largo, FL 33779
(844) 899-4162 – Telephone
(844) 882-4703 – Facsimile
Email:kelly@dwaldmanlaw.com
newyorkforeclosures@dwaldmanlaw.com
Attorneys for Secured Creditor